UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| FRANKLIN COUNTY, KENTUCKY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 08-49-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHELTER GENERAL INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Edward and Johanna Meiman's motion to intervene in this matter. [Record No. 14]. Their motion is opposed by both the Plaintiff and Defendants. [Record Nos. 19, 20] For the reasons discussed below, the Court will deny the requested relief.

**I.     BACKGROUND**

Kentucky law gives local governments authority to impose a tax upon insurance companies for the privilege of insuring risks located within their geopolitical boundaries. If a local government chooses to impose the tax, the insurer collects the tax and can charge the insured a reasonable fee for its collection efforts. K.R.S. § 91A.080(4). The insurer then remits the revenue collected to the proper local government, which is determined by the location of the

insured risk.[1]  K.R.S. §§ 91A.080(2)–(3).  *See Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461, *23 (E.D. Ky., March 31, 2007).

Plaintiff Franklin County, Kentucky,[2] alleges that, rather than using the actual location of the risk, the Defendant insurers have improperly used the insureds' zip codes to determine where to remit the collected tax revenue.  [Record No. 1]  Using zip codes as the basis for determining where the insured is located can create problems when a single zip code spans geopolitical boundaries.  For example, the Plaintiff points to the fact that zip code 40601 encompasses the entire city of Frankfort as well as a majority of land located within Franklin County, but outside the Frankfort city limits.  The Plaintiff contends that, by using the zip code 40601 for determining where a risk is located, the Defendant insurers may be collecting taxes from policyholders in Franklin County and then improperly remitting the tax revenue to the City of Frankfort.  The Plaintiff alleges that this problem may occur in the other areas as well.  [*Id.*]

The Plaintiff seeks an accounting to determine whether the Defendant insurers have remitted the proper amount of tax revenue.  Then, if the accounting audit shows that the Plaintiff has not received the proper amount of tax revenue, the Plaintiff seeks payment of delinquent taxes, together with penalties, interest, and any other compensatory or consequential damages allowed by law.  [*Id.* at 7]

The Meimans claim to own insured risks in several cities in Kenton County, Kentucky.

---

1   For life insurance, the location of the insured risk is the residence of the insured.  K.R.S. § 91A.080(2).  For home, auto, boat, and similar insurance, the location of the insured risk is the physical location of the home, auto, boat, etc.  K.R.S. § 91A.080(3).

2   The Plaintiff seeks to have a class certified consisting of all Kentucky counties (except Daviess and Kenton Counties), consolidated local governments, and urban-county governments that have enacted the subject tax.  [Record No. 1, 10–14]  The Court has not yet addressed the propriety of class certification.

Some of these cities have imposed the tax while others have not. The Meimans allege that they receive all their premium bills at their residence in Edgewood, Kentucky, a city that does not impose the tax, yet each bill contains a surcharge for the Kenton County tax. [Record No. 14, p. 3] They claim this is because "the insurance industry collects Taxes for the counties in Kentucky that have enacted the Tax by charging the Tax to every zip code in that county that is not in a city that has enacted a Tax." [*Id.*] Therefore, the proposed intervenors are charged the Kenton County tax because their zip code is in Edgewood, a city that does not enact the tax. The Meimans contend that an audit and accounting will show that they are entitled to a refund of the tax they paid to Kenton County. [*Id.*]

On October 8, 2008, the Meimans filed this motion to intervene in this matter, claiming that they are necessary parties "because the accounting will disclose not only overpayments or underpayment relating to governmental agencies, but will also disclose overpayments by taxpayers." [*Id.* at 6] Response briefs in opposition to the motion were filed by the Plaintiff and Defendants on October 16 and 22, 2008 respectively. [Record Nos. 19, 20] The Meimans filed their reply on October 27, 2008. [Record No. 22]

## II.    STANDARD OF REVIEW

Rule 24 of the Federal Rules of Civil Procedure governs mandatory and permissive intervention of non-parties into a lawsuit. "The very purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of Rule 24 to assert their interests in all pending aspects of the lawsuit, within the limitations of purpose imposed at the time of intervention." *United States v. Bd. of Educ.*, 605 F.2d 573, 576 (2nd Cir. 1979). Essentially, this

rule allows non-parties to insert themselves into lawsuits where their interests may be affected.

### A. Intervention as a Matter of Right

A proposed intervenor can intervene as a matter of right when there is "an unconditional right to intervene by a federal statute," or where the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). To intervene as a matter of right, the proposed intervenor must establish: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). If the proposed intervenor cannot establish all four elements, the motion must be denied. *Id.* at 780.

### B. Permissive Intervention

If a proposed intervenor cannot intervene as a matter of right, a court has the discretion to allow permissive intervention. Rule 24(b), Fed. R. Civ. P. To permissively intervene, a proposed intervenor must: (1) establish that the motion is timely, and (2) allege at least one common question of law or fact. *Id.*; *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If the proposed intervenor establishes both elements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to

determine whether, in the court's discretion, intervention should be allowed." *Id.*

### III. ANALYSIS

#### A. Claim for Intervention as a Matter of Right

The Meimans do not claim to have a right to intervene based on a federal statute. Therefore, intervention as a matter of right is only permitted if they can establish the four elements outlined above. Failure to establish all four elements necessitates a denial of the motion to intervene as a matter of right. *Granholm*, 501 F.3d at 780.

First, the motion to intervene must be timely. *Granholm*, 501 F.3d at 779. In evaluating timeliness, the absolute time between the filing of the complaint and the motion to intervene is one of the least important factors to consider. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000). Rather, timeliness should be evaluated in light of what steps have already occurred along the litigation continuum. *Id.* The motion to intervene was filed early in the litigation process. Accordingly, the Court finds the motion to intervene is timely.

Next, the proposed intervenor must have a substantial legal interest in the subject matter of the case. *Granholm*, 501 F.3d at 779. This is necessarily a fact-specific inquiry, and this Circuit has adopted a rather expansive notion of the interest sufficient to invoke intervention as a matter of right *Id.* at 780 (internal citations omitted). However, this does not mean that Rule 24 poses no barrier to intervention, or that any articulated interest will be sufficient. *Id.* (internal citations omitted).

The Meimans assert that they have a substantial legal interest in this litigation in so far as the accounting sought by the Plaintiff may reveal whether they are entitled to a complete or

-5-

partial refund of the taxes assessed against them. [Record No. 14, p. 7] The Plaintiff argues in response that the Meimans provide no evidence to support their assertion that the accounting sought in this matter would reveal any under or overpayments made by individual taxpayers. [Record No. 19, p. 3]

The Court finds the Plaintiff's argument on this point to be persuasive. The purpose of the accounting sought by the Plaintiff is to examine whether the proper amount of tax revenue has been remitted to the appropriate local governments.[3] [Record No. 1, p. 7] Unlike the accounting sought by the Plaintiff, the accounting sought by the Meimans would examine tax assessment practices. These are two different inquiries, and the Meimans have presented no evidence to establish that their interests in determining whether they have been unlawfully assessed the tax would be uncovered by the accounting sought by the Plaintiff. The scope of this litigation would be significantly expanded if separate accountings were required to examine the Defendant insurers' collection *and* remittance practices. Accordingly, the Meimans have failed to establish a substantial legal interest in this litigation.

In addition, the Meimans' ability to protect their interest will not be impaired in the absence of intervention in this case. The current litigation does not address the issue they seek to raise, and a verdict in favor of either the Plaintiff or the Defendants will not affect the Meimans' ability to bring a separate action to address the issue of the Defendant insurers' tax collection practices (provided such a private right of action exists). Additionally, the Meimans

---

3. This critical point is overlooked in the Meimans' motion to intervene and reply brief. In fact, the first sentence of the reply brief incorrectly states that, "[t]he Members of the Plaintiff Class in this case are governmental agencies who claim they have sustained losses because of *improper tax collection procedures* engaged in by the Defendants." [Record No. 22, p. 1] (emphasis added).

are currently seeking similar relief in other federal and state courts.[4] Finally, the Court notes that it does not need to inquire into whether the Plaintiff could adequately protect the Meimans' interest, because their interest is not an issue in this litigation. Accordingly, for these reasons, Meimans have failed to establish that they have a claim for intervention as a matter of right.

### B. Permissive Intervention

A district court has discretion to grant permissive intervention in situations where the proposed intervenor cannot establish a claim to intervene as a matter of right. Fed. R. Civ. P. 24(b). As discussed above, the Court finds that the Meimans' motion is timely. Therefore, the relevant inquiry shifts to whether the motion alleges at least one common question of fact or law. *Michigan*, 424 F.3d at 445. If so, then the Court must balance this against the potential for undue delay or prejudice to the original parties. *Id.*

The Meimans assert that their claims are substantially identical to those of the Plaintiff in this case. [Record No. 14, p. 8–9; No. 22, p. 1] Further, they contend that there is no danger of undue delay or prejudice to the adjudication rights of the original parties. [Record No. 14, p. 8–9] However, as noted above, the Meimans and Plaintiff assert very different legal claims, which arise from separate sets of facts. The Plaintiff claims that the Defendants improperly remitted tax revenue while the Meimans claim that the Defendants improperly collected tax revenue. The only connection between the facts and legal claims asserted by the Plaintiff and the Meimans is that they both involve the tax imposed pursuant to K.R.S. § 91A.080. This connection is tangential at best. Therefore, the Court concludes that there is not a common

---

4. *Nichols v. Progressive Direct Ins. Co.*, 2:06-cv-146-DLB (ED Ky at Covington); *Meiman v. Kenton County*, Kenton County Circuit Court, 08-CI-1961.

question of fact or law in these two matters. Accordingly, the Court will not allow the Meimans to permissively intervene into this case.

### IV.     CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that the Meimans' Motion to Intervene [Record No. 14] is **DENIED**.

This 30th day of October, 2008.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge